PAWLING & HARNISCHFEGER COMPANY and another, Appellants, vs. MILDENBERGER and another, Respondents.

*October 9—November 4, 1919.*

*Workmen's compensation: Injury to eye resulting in blindness: Finding of fact by industrial commission.*

1. A determination of fact by the industrial commission on conflicting evidence is conclusive upon the courts, under sec. 2394—19, Stats.
2. An award of compensation by the industrial commission for a permanent partial disability equivalent to total blindness of one eye is sustained by the evidence.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

This action was brought by plaintiff to set aside an award of the *Industrial Commission of Wisconsin.*

The findings of the *Commission* are, in substance, that both applicant and respondent were subject to the provisions of secs. 2394—3 to 2394—31, Stats., inclusive; that on September 18, 1917, *August Mildenberger,* while in the employ of plaintiff and in the performance of duties incident to and growing out of his employment, sustained injuries that resulted in permanent partial disability, or total blindness of the left eye.    The *Commission* awarded *Mildenberger* the sum of $1,209.04.

Plaintiff contends that prior to the accidental injury which resulted in total blindness of *Mildenberger's* left eye the sight of that eye was not to exceed twenty-seven per cent. of normal sight, and that *Mildenberger* for that reason is entitled to an award not to exceed twenty-seven per cent. of the 140 weeks allowed by the schedule for total blindness of one eye.

The circuit court confirmed the award of the *Industrial Commission* and judgment was entered accordingly.    This is an appeal from such judgment.

For the appellants the cause was submitted on a brief signed by *Roehr & Steinmetz,* attorneys, and *Julius E. Roehr,* of counsel, all of Milwaukee.

For the respondent *Mildenberger* there was a brief by *Benj. W. Reynolds,* attorney, and *F. P. Hopkins,* of counsel, both of Milwaukee, and for the respondent *Industrial Commission* a brief by the *Attorney General* and *Winfield W. Gilman,* assistant attorney general; and the cause was argued orally by *Mr. Gilman.*

SIEBECKER, J.    The plaintiff claims that the *Commission* erred in awarding compensation to the applicant for a permanent partial disability equivalent to total blindness of an eye.    The applicant testified to the effect that the injured eye was "all right" before the accident, that he could see all

right and could read with it before the accident. Two doctors testified that the vision of the applicant's left eye for practical use was wholly destroyed by the accident, but that in their opinion, in view of all the facts shown regarding the condition of applicant's eye, he had, prior to the accident, about twenty-seven per cent. normal vision in his left eye. The *Commission* in its determination of the issue of facts presented by the evidence declared:

"With all due respect for the opinion of experts, there was no direct evidence that the applicant's eye was not normal before the accident. Against this [doctors'] opinion, we have the applicant's own testimony to the effect that prior to the accidental injury his left eye was all right. At any rate, the applicant had useful vision in said eye before it was injured. For all practical purposes to him the left eye was performing the functions of a normal eye."

This evidence sustains these conclusions of the *Commission.* The circuit court properly held that this determination of fact by the *Commission,* in the light of the evidence, is conclusive upon the courts under sec. 2394—19, Stats. *International H. Co. v. Industrial Comm.* 157 Wis. 167, 147 N. W. 53 ; *Borgnis v. Falk Co.* 147 Wis. 327, 359–361, 133 N. W. 209.

It necessarily follows from this that the award of the *Commission* is sustained by the evidence and cannot be set aside by the courts. Under these circumstances we deem it proper to rest affirmance of the award on this ground and omit consideration of other grounds covered by argument of counsel.

*By the Court.*—The judgment appealed from is affirmed.