Loomis, Plaintiff and Respondent, vs. Industrial Commission, Defendant and Respondent: Oscar Mayer & Company, Defendant and Appellant.

*September 13—October 9, 1934.*

For the appellant there were briefs by *Bagley, Spohn, Ross & Stevens* of Madison, and oral argument by *Frank A. Ross.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondent Loomis there was a brief by *Sanborn, Blake & Aberg* and *Philip G. Sanborn,* all of Madison, and oral argument by *Philip G. Sanborn.*

FRITZ, J. Loomis' application to the Industrial Commission was made to recover compensation for loss of wages and the medical expense sustained by him as the result of contracting undulant fever during the period of his employment by Oscar Mayer & Company. The only controversy before the commission was whether the undulant fever contracted by Loomis was caused by that employment.

The commission concluded that Loomis had not met the burden of proof to establish in a satisfactory manner that his illness and disability were caused by that employment, and that therefore his application for compensation must be denied. That conclusion was preceded by and based upon findings by the commission that the applicant, in washing

the necks of hogs and handling meat in the course of his employment in the packing plant of Oscar Mayer & Company, came in contact with the flesh and blood of slaughtered animals, and that, at times, water used in washing them was splashed on him; that he first began feeling ill approximately a week before he was compelled to leave his employment on September 29, 1932; that Oscar Mayer & Company never had a case of undulant fever reported by any of its employees prior to the applicant's claim; that although authorities hold that undulant fever can be contracted from contact with slaughtered animals affected with bacillus abortus, as well as by the use of raw milk from cattle affected with bacillus abortus and by contact with living animals so affected, it would be conjectural in any given case to say as to where or under what circumstances the bacillus causing such disease entered the human system. In addition to proof which fairly supported those findings, there was, on the one hand, evidence that undulant fever could also be contracted by eating butter, cheese, or meat, or coming in contact therewith or with dust affected by cattle carrying the germ; and also that Loomis had purchased bacon and fresh meat. On the other hand, there was no proof that any animals at Oscar Mayer & Company's plant had been affected by the disease. In connection with the foregoing findings, the commission also found that on the entire record before it, it could not say "with any degree of certainty as to where or under what circumstances the applicant contracted the disease from which the applicant was suffering subsequent to September 29, 1932."

It is true that those findings are not in accord with the testimony of Dr. D. W. Stovall, who was called on behalf of Loomis; and on behalf of the latter it is contended that the commission cannot ignore Dr. Stovall's opinion and substitute its own opinion therefor. Dr. Stovall testified that it was his opinion, under all the facts as to Loomis' employ-

ment, mode, and habits of living and diet, that he had contracted the disease during the course of his employment. Dr. Stovall stated that he based his opinion on the possibility of constant exposure of Loomis to the bacillus in handling the carcasses in his daily employment; that the possibilities of infection from other sources were extremely remote because the exposure was only occasional; and that constant exposure would be far more apt to cause infection than a casual one.

The fact that the commission, in making its findings, did not adopt Dr. Stovall's opinion does not warrant the assumption that it ignored his testimony. In view of other evidence in the record, the commission was not concluded by Dr. Stovall's testimony as to his opinion, which principally was merely based on greater possibility of infection at the plant than elsewhere, because of more constant exposure there than elsewhere. Assuming that to be true, there would be but a preponderance of mere possibilities, which would still leave the solution of the issue in the field of conjecture. That is not sufficient to support a finding by the commission as to the cause or origin of a germ disease. As we said in *Creamery Package Mfg. Co. v. Industrial Comm.* 211 Wis. 326, 330, 248 N. W. 140:

"Although, under the established rule applicable in cases involving the cause or origin of germ diseases, in which it is often difficult and even impossible to find the source from which the germ causing the disease has come, the industrial commission or the court can base its findings upon a preponderance of probabilities or of the inferences that may be drawn from established facts [citations], that cannot be done when the proof does not pass beyond the stage of mere possibilities."

As the record in its entirety warranted the commission's finding that it could not say with any degree of certainty as to where or under what circumstances Loomis contracted the disease, its order should have been affirmed under the well-

established rule that if there is any credible evidence from which the commission could come to the conclusion that it did, its order must be sustained. *Winter v. Industrial Comm.* 205 Wis. 246, 249, 237 N. W. 106. On the other hand, as the uncertainties under the evidence, because of Loomis' failure to sustain the burden of proving to the satisfaction of the commission the fact upon which he relied, were sufficient to raise legitimate doubt in the minds of the commission as to the existence of facts which he had to establish to entitle him to compensation, it was its duty to deny the application on the ground that the applicant had not sustained the burden of proving that essential fact to the satisfaction of the commission. Under those circumstances, it was likewise error for the trial court to disturb the commission's findings, even though it considered them contrary to the preponderance of the evidence. *Winter v. Industrial Comm., supra,* pp. 249, 250.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment affirming the Industrial Commission's order of April 6, 1933.