HELEN C. LOCKWOOD, PETITIONER-RESPONDENT, v. ERNEST H. PARKER, RESPONDENT-PROSECUTOR.

Submitted January 16, 1945—Decided February 15, 1945.

Before Justices CASE, BODINE and PORTER.

For the petitioner-respondent, *Blair & Blair* (*W. Douglas Blair*).

For the respondent-prosecutor, *Foley & Francis* (*John J. Francis*).

The opinion of the court was delivered by

CASE, J. This is a workman's compensation case. Joseph W. Lockwood was employed by prosecutor in the latter's business of contracting and building. Lockwood died on March 27th, 1942, of coronary occlusion with coronary thrombosis. He had suffered, independently of the employment, from hepatitis (inflammation of the liver) and arteriosclerosis of the heart. The question is whether, under the statute as construed by our decisions, the death resulted from accident arising out of and in the course of the employment.

The incidents immediately preceding death are: On March 25th, Lockwood, in the course of his employment, helped in carrying a bathtub weighing 440 pounds up a stairway that was not wide enough to accommodate the width of the bathtub and two men alongside of it. The stairway was broken by a landing; on the first flight of steps Lockwood was at the top end of the load; the turn on the landing put him at the bottom end for the second flight. When he went home from work his color was very gray, and he was extremely exhausted; he was unable to eat any dinner and had to go to bed immediately. The next morning he appeared ill but went to work. That day, after lunch, he assisted in carrying a 300-pound bathtub from the second floor, down the stairway, to the front lawn. Later, he carried, unassisted, a toilet bowl, weighing from 60 to 85 pounds, to the second story, and after that was in the act of carrying up, unassisted, a wash bowl, weighing 60 pounds, and had made ascent of about three steps with it when the owner of the house where the work was being done observed that Lockwood's lips were tightly compressed and that his face had a "drawn, tired look," whereupon the owner went to Lockwood's assistance and helped him carry the bowl the rest of the way. At quarter before four o'clock Mrs. Lockwood, who was away from her house, received a telephone

summons from her husband, went home immediately and found him unconscious, on the floor, beside the telephone. Mrs. Lockwood immediately called a physician, who responded, observed Lockwood's condition, listened to a statement that Lockwood was able to make of what had occurred on that day and the day before and of what the patient's experiences and reactions had been, and administered treatment. Lockwood died the next morning.

The question which evoked the opinion of the attending physician as to the causal connection between the employment incidents and the death was so framed as to depend upon the statement made to the doctor by the decedent, and the testimony is objected to upon the ground that proof so brought in is hearsay and may not be used to establish essential facts. We reach our conclusions independently of the opinion evidence so elicited. It is sufficiently in proof from another professional witness that the "heavy exertion," the "exertion to a great degree" of carrying the bathtub and the wash bowl on the afternoon of March 26th, either or both, was sufficient to cause the fatal coronary occlusion and that the probable competent and producing cause was the carrying of the wash bowl. We find that the incident thus assigned as the competent and producing cause was in fact such. The proofs of the occurrences, supplemented by that medical testimony, persuade us that the immediate cause of death was the extra heavy strain placed upon the man shortly before he collapsed, that without the excessive exertion death would not have occurred when it did, and that, therefore, under the decisions, death resulted from an accident arising out of and in the course of the employment. *Molnar* v. *American Smelting and Refining Co.*, 128 *N. J. L.* 11; *Bernstein Furniture Co.* v. *Kelly*, 114 *Id.* 500; *affirmed*, 115 *Id.* 500; *Bollinger* v. *Wagaraw Building Supply Co.*, 122 *Id.* 512; *Ciocca* v. *National Sugar Refining Co.*, 124 *Id.* 329; *Hentz* v. *Janssen Dairy Corp.*, 122 *Id.* 494.

The judgment in the Ocean County Common Pleas, which is itself an affirmance of the findings in the Bureau, will be affirmed, with costs.