## MICHAEL McSWEENEY'S CASE.

Suffolk.    October 5, 1945. — October 31, 1945.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & WILKINS, JJ.

*Workmen's Compensation Act,* Injuries to which act applies. *Proximate Cause.*

Evidence in a workmen's compensation case warranted findings that the strain of the employee's helping to lift a heavy bag while at work was a proximate cause of his then suffering a disabling rupture of his already diseased spleen, and that he thereby sustained a compensable injury.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board awarding compensation under the workmen's compensation act.

A decree in accordance with the board's decision was entered by order of *Beaudreau, J.* The insurer appealed.

*E. E. Andrews,* for the insurer.

*F. P. Hurley,* for the claimant.

QUA, J. The employee worked in a warehouse handling all kinds of freight. At the time of his alleged injury he and one Moloney were unloading bags of bicarbonate of soda or other chemical from a hand truck. Each bag weighed one hundred pounds. The two men, one at each end of a bag, would swing the bag up to its place on the pile. The employee and Moloney stooped down and had lifted a bag to swing it up onto the pile and had raised it about three feet when the employee felt a pain "all across his stomach" such as he had never felt before, and was nauseated. He was taken to a hospital where he was operated upon the same day. He was found to have a ruptured spleen.

Medical testimony was in agreement that the spleen was

diseased, but was contradictory as to whether the strain of lifting the bag was a contributing cause of the rupture. Whether the strain could or did contribute to the rupture was a proper subject for medical opinion. The board found that "the incident of lifting and swinging the hundred pound bag onto the pile was the exciting cause and aggravated a pre-existing condition, namely, a diseased spleen, to the point of causing it to rupture, resulting in the condition which disabled the employee," and that this was an injury arising out of and in the course of the employment.

The findings were warranted. The case presents no peculiar legal problem. It is similar to a number of cases where it has been held that an occupational strain has operated upon a previously diseased organ in such a manner as to bring about at an ascertained time a lesion which constituted a compensable injury. *Donlan's Case*, 317 Mass. 291, and cases cited at page 294. The case at bar is distinguishable from *Burns's Case*, 266 Mass. 516, where there was no particular occasion upon which the employee's work operated to produce injury to the weakened organ, and from *Herlihy's Case*, 267 Mass. 232, where the claimant's evidence failed to convince the board.

Any discrepancies between the evidence and the subsidiary findings or between the subsidiary findings and the conclusion of the board are trifling and inconsequential.

There was no error in accepting the qualifications of the medical witnesses, or in admitting the questions asked of one of them involving his opinion as an expert, or in the single member of the board who heard the case asking a leading question of the employee.

The Superior Court rightly awarded costs. G. L. (Ter. Ed.) c. 152, § 11, as amended by St. 1939, c. 213, § 1.

In addition to the award in the decree there shall be entered in this court an order allowing the claimant the sum of $75 for attorney's fees, briefs, and expenses in accordance with G. L. (Ter. Ed.) c. 152, § 11A, inserted by St. 1945, c. 444.

*Decree affirmed.*