Cutler-Hammer, Inc., Appellant, vs. Industrial Commission and another, Respondents.

*December 7, 1945—January 8, 1946.*

For the appellant there were briefs by *Lecher, Michael, Spohn & Best,* attorneys, and *Thomas S. Stone* of counsel, all of Milwaukee, and oral argument by *Mr. Stone.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

Fowler, J. The action is to review an interlocutory award of the Industrial Commission of Wisconsin of compensation under the Workmen's Compensation Act for an injury claimed to have been sustained in an industrial accident. The applicant, Miss Hill, twenty years of age, claims to have sus-

tained an injury to her back while engaged at her regular work for the plaintiff by slipping while standing slightly turned and lifting a box weighing about sixty pounds. The appellant's counsel concedes that the evidence supports the commission's finding that she so slipped, but claims that it does not sustain its finding that her slipping caused the condition of her back from which she has since suffered. There is evidence that she complained of injury to her back at the immediate time; that excruciating pain in the lumbar region of her back immediately followed; that she has had such pain ever since and it has prevented her from working at gainful occupation; and that she never had any such pain before. She has been under the care of a physician ever since and was in a body cast for six weeks. The slipping occurred April 22, 1943, and the hearing on the application was in June, 1944.

The only question is: Does this evidence, together with the opinion evidence of all the experts, permit of the commission's finding that her slipping caused the condition of her back from which she suffers?

The medical experts of appellant are of opinion that the applicant is suffering from neurosis; they concede that neurosis may be of traumatic origin—that is—may be caused by physical injury. There is no evidence of any physical injury to the affected region unless the instant slipping caused such injury. These experts admit that the instant condition would result from a ruptured disc between two vertebra, and that while they find no physical evidence of a slipped disc in applicant's back from X-ray "pictures" and such physical examination of the region as they were able to make, one may exist. One of them testified her ailment is "lumbago," but did not say what "lumbago" is, or what causes or may cause it, or whether it yields to treatment or how long it lasts. Nor is there any other evidence as to these matters.

Applicant's physicians are of opinion that the most likely cause of the applicant's condition is a ruptured disc caused by the instant slipping. They arrive at their opinion from the

hypothesis that at the immediate time of the slipping the pain immediately followed, that it has continued ever since and never occurred before, and from the fact that a ruptured disc would cause the condition. They concede a neurosis but consider it as resulting from the instant accident.

The commission took the view of applicant's physicians, and in view of all the evidence we consider their findings and award are justified.

*By the Court.*—The judgment of the circuit court is affirmed.