F. A. McDONALD COMPANY and another, Respondents, vs. INDUSTRIAL COMMISSION and another, Appellants.

*January 22—February 25, 1947.*

For the appellant Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondents there was a brief by *Sanborn, Lamoreux & Pray* of Ashland, and oral argument by *Allan T. Pray.*

WICKHEM, J. Lawver, employed by McDonald Company to handle logs, suffered a sharp pain in his back on January 24, 1944, while he was trying to roll a log. He notified his foreman of the accident and kept on working until quitting time. He suffered intermittent total disability until June 24, 1944, for which he was paid compensation. In addition, the commission found that he had sustained permanent disability equivalent to five per cent of permanent total disability and ordered payment of the compensation. The circuit court set aside the commission's findings and dismissed the application.

The question is as to whether the evidence sustains the finding of permanent disability. There was, of course, evidence by plaintiffs' doctors that there were no objective symptoms of any kind. The commission relied upon a report by Dr. Montgomery. In his report, Dr. Montgomery agreed with the clinical findings of the doctor called by the employer. Under the heading of "impressions" at the end of his report, he states that there is no objective evidence of bone or joint disease or injury; that the injury sustained in the accident was limited to certain tears in the lumbosacral area which would be expected to heal in three to eight weeks. He also stated that there were no conditions in the spine or lower extremities to

account for Lawver's complaints; that Lawver, however, has a chronic prostatitis and enlarged and adherent tonsils and that the tonsils and prostate are regarded as probable foci of infection "for an infectious fibromyositis of the posterior cervical and lumbar muscles and for an infectious fibrositis of the interspinous ligaments in the cervical and mid dorsal areas. The presence of lymphadenopathy in the right axilla and in the left groin indicate evidence of an active infection. There is limitation in voluntary abduction of the shoulders which is believed to be on an infectious periarthritic basis." There are signs of active infection which would account for his symptoms. Dr. Montgomery concludes "I believe that Mr. Lawver's complaints would be considerably reduced, if not completely relieved, by a tonsillectomy and prostatic massages. One of the sulfonamides should also be tried. The septal deviation in the nose is likely causing a partial obstruction in the left nasal passage and may be hindering the drainage from the sinus on that side. The left hydrocele is of no clinical value relative to his complaints. I believe there is no residual disability from the reported lifting incident that occurred on 1/24/44 except for persistence of complaints of pain in the low back. It is reasonable to expect that Mr. Lawver is temporarily totally disabled but I believe his disability is the result of an infectious cause which was not initiated or augmented by the reported accident on 1/24/44. *Due to the persistence of complaints in the low back and the absence of any significant previous complaints in this area, an allowance of a five percent total disability as the result of the reported injury on 1/24/44 might be considered to cover any relationship between a probable injury and his present subjective complaints that cannot be differentially identified.*"

The first contention of the commission is that the underlined portion of Dr. Montgomery's report sustains its finding of five per cent disability. Included in this contention is the claim that the interpretation of medical reports is one of the

functions of the commission with which this court does not, and should not interfere, and that for the circuit court to determine the meaning of a medical report is to substitute its findings of fact for those of the commission. We are of the view that this contention cannot be sustained. It is true that this court has recognized that the members of the Industrial Commission are expert triers of fact, and have deferred to this expertness in situations involving an appraisal of the convincing power of expert testimony, and have sustained the power of the commission to reject it when contrary to the commission's expert knowledge on the subject. *McCarthy v. Sawyer-Goodman Co.* 194 Wis. 198, 215 N. W. 824; *Prentiss Wabers Prod. Co. v. Industrial Comm.* 230 Wis. 171, 283 N. W. 357; *Pawling & Harnischfeger Co. v. Mildenberger,* 170 Wis. 146, 174 N. W. 455; *Loomis v. Industrial Comm.* 216 Wis. 202, 256 N. W. 693. This does not mean, however, that this court can or should abdicate its function of reviewing the record before the commission to ascertain whether there is evidence to support it. Carried to its logical conclusion, the contention of the commission would require such an abdication in all cases involving expert knowledge and opinion. We shall not pursue the subject to its ultimate reaches because we think the report concerning which the contention is made offers no technical difficulties of interpretation, so far as its essential part is concerned. Dr. Montgomery, as well as the doctor representing plaintiffs, plainly states that an examination of applicant discloses no physical condition that would constitute permanent injury or result in a permanent disability, and that there are several conditions which singly or together probably produce the subjective symptoms complained of. The underlined portion of his report is part of what he designates his "impressions" and is nothing more than a statement that there might be a five per cent total disability having a causal relation to the accident. This is addressed to the possibilities and not the probabilities of the situation. The probabilities were dis-

posed of in the earlier portion of the report. So far as the commission's finding of permanent disability is based upon the medical report of Dr. Montgomery, it must be considered to be just as speculative as the report itself.

The second contention of the commission is that due to its expert character as a fact-finding body, it may wholly disregard the medical testimony and find a permanent disability from the fact, (1) that there were no back pains before the accident; (2) that applicant sustained an injury resulting in pains to his back; and (3) that subjective symptoms persisted after a considerable course of treatment. This inference is not sustainable on the basis of common or general knowledge, and is contrary not only to all the medical opinion in the case, but to all of the medical findings based on actual physical examination of the applicant. To admit the commission's claim in this respect would be to sustain an award on the basis of evidence that is not in the record, and to put beyond the reach of a judicial review a large number of cases in which by any ordinary process of reasoning there is no evidence to sustain the commission, but in which the commission asserts that because of some undisclosed knowledge on its part, or its experience and skill in drawing inferences, the fact has been established. It is our conclusion that such a view cannot be sustained. In connection with the requirement that evidence be adduced before the commission see *International H. Co. v. Industrial Comm.* 157 Wis. 167, 147 N. W. 53; *Hills Dry Goods Co. v. Industrial Comm.* 217 Wis. 76, 258 N. W. 336; *Lloyd-McAlpine L. Co. v. Industrial Comm.* 188 Wis. 642, 206 N. W. 914; *Creamery Package Mfg. Co. v. Industrial Comm.* 211 Wis. 326, 248 N. W. 140.

The case principally relied on by the commission is *Cutler-Hammer, Inc., v. Industrial Comm.* 248 Wis. 229, 21 N. W. (2d) 256. In that case applicant claimed that while engaged at work she sustained an injury to her back by slipping while attempting to lift a box weighing about sixty pounds. She

complained immediately and testified that excruciating pain to her back in the lumbar region followed immediately, and that she had had such pain ever since. The question was whether she had sustained any injury as a result of the slipping. There was no evidence of any physical injury to the affected region unless the slipping caused such injury. There was medical evidence that the most likely cause of applicant's condition was a ruptured disc between two vertebrae, although the X-ray pictures did not show such a break. The medical evidence, however, was that such a rupture could exist and not be disclosed by an X ray. The commission found for the applicant, and this court held that the medical evidence, taken in conjunction with the rest of the testimony, sustained the award. In the *Culter-Hammer Case, supra,* however, the award was based on evidence adduced before the commission. It is quite a different thing to disregard all of the medical findings and opinion, and then to support an award of compensation upon inferences from the remaining facts in the record which are not permissible according to general knowledge and experience. We conclude that the trial court correctly held that the findings of the commission are unsupported by the evidence.

*By the Court.*—Judgment affirmed.