GLOBE STEEL TUBES COMPANY and another, Respondents, vs. INDUSTRIAL COMMISSION and another, Appellants.

*October 17—November 18, 1947.*

For the appellants there was a brief by *L. A. Tarrell* of Milwaukee, attorney for Carse Daniels, joined in by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, attorneys for the Industrial Commission, and oral argument by *Mr. Tarrell* and *Mr. Levitan.*

For the respondents there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Kenneth P. Grubb* of counsel, all of Milwaukee, and oral argument by *Mr. Grubb.*

RECTOR, J.   The case turns upon the question of whether there is credible evidence to support the finding that Daniels fell because of the injury to his leg suffered on March 18, 1943, during the course of his employment by the Globe Steel Tubes Company.

There can be no doubt that he suffered a severe fracture of the lower left leg at that time; that thereafter he experienced considerable discomfort and suffering; that he complained of swelling and weakness in the left ankle; and that he was under a physician's care periodically from the time of the first injury to the time of the second.    It is not thus established, however, that the fall was occasioned by the prior injury.

Daniels is unable to account for the fall except as he said that he was cooking breakfast; the coffee started to boil over; he turned to his left to shut off the gas; and his left leg doubled up.

Dr. Nimz treated Daniels on the occasion of both injuries. He testified that he found no evidence that the knee was affected at the time of the first injury. He did find that prior to the second one there was a ten per cent permanent disability in the ankle by reason of loss of motion, swelling, and lack of endurance, but he stated that he could not, with any degree of medical certainty, identify any disability that Daniels suffered as the result of his first injury as the cause of his second one.

Whether Daniels' leg gave way as the result of a condition occasioned by the first injury is purely speculative, so far as the evidence discloses. There was not even a remote connection shown between the fall and the prior disability. Where we are dealing, as here, with a subject matter which is not within common knowledge, there must be some basis in medical testimony for an award. *F. A. McDonald Co. v. Industrial Comm.* (1947) 250 Wis. 134, 26 N. W. (2d) 165.

*By the Court.*—Judgment affirmed.