PHILADELPHIA DAIRY PRODUCTS COMPANY, INC., Plaintiff in Error, Appellant, v. THOMAS W. FARRAN, Defendant in Error, Appellee.

(*August* 27, 1948.)

HARRINGTON, Chancellor, RICHARDS, C. J., TERRY and CAREY, J. J., sitting.

*William Bennethum* and *Morton E. Evans* (of Marvel and Morford) for appellant.

*William E. Taylor, Jr., Herbert B. Warburton* and *Robert H. Wahl* for appellee.

Supreme Court, No. 3, May Session, 1948.

Other facts appear in the following opinion.

CAREY, J., delivering the opinion of the Court:

The Court below held that the Board's findings of fact were supported by the evidence and that the facts justified the conclusion that Farran had suffered a compensable personal injury by accident. The appellant contends that certain findings of the Board are not supported by the evidence and that Farran did not sustain an injury by accident.

 Under § 6072, Sec. 2, c. 175, Revised Code 1935, an injury must be the result of an accident in order to be compensable. In *Hendrickson v. Continental Fibre Co.*, 3 *W. W. Harr.* 304, 136 *A.* 375, our Superior Court held that a slow, gradual, idiopathic disease unaccompanied by and unrelated to any injury by accident, is not compensable.[1] Without attempting to define the word "accident", the Court in that case did point out that under all definitions not only is there involved the element of suddenness or unexpectedness, but there must also be an event happening at a certain time, or place, or fixed by a certain circumstance to which the injury is referable. Relying upon this case, the appellant contends that these requirements are not met in the present case; that the appellee was injured while doing the work he agreed to do, in the way he intended to do it; that, since Farran was previously but unknowingly suffering from sclerosis, the injury may have been the natural result of the preexisting condition; and that the Board was wrong, under the state of the evidence, in its finding that the injury resulted from over-exertion in carrying the ice cream. In considering this argument, it is important to keep in mind

[1]Various statutory amendments have since made certain "occupational diseases" compensable, but heart disease is not among them.

what this Court said in *Le Tourneau v. Consolidated Fisheries Co.,* 4 *Terry* 540, 51 *A.* 2d 862, 867: "In those cases, such as the instant one, in which the civil law procedure is followed, this Court ordinarily, upon appeal, will not disturb a finding on the facts by a lower court, in this instance The Industrial Accident Board, if it appears from the record that there was evidence to support the finding." Applying this rule here, we cannot say that there was no evidence to support the Board's finding as to the cause of the injury. It had before it the medical testimony of Dr. Kreiger, who gave the opinion that the attack was the result of the exertion at the time in question and that the damage to the heart muscles began with this particular episode. It had also before it the evidence of Farran and Stevenson, his supervisor, that no trouble of this nature had appeared during the preceding ten years. Likewise, the evidence showed that the attack had its inception immediately after the ice cream was delivered. No other definite cause for the injury to take place at that time appears in the record, except Dr. Kreiger's admission that medical authorities do not all agree upon effort being the positive factor in producing this kind of injury. It was for the Board primarily to determine from the evidence before it whether the attack was the result of natural causes or the result of over-exertion. The fact thus determined meets the demands of the rule laid down in the Hendrickson case, *supra. Balaban v. Severe,* 157 *Pa. Super.* 463, 43 *A.* 2d 543; Donlan's case, 317 *Mass.* 291, 58 *N.E.* 2d 4; *Lockwood v. Parker,* 132 *N.J.L.* 482, 41 *A.* 2d 204; *Brown v. Minneapolis Board of Fire Underwriters,* 210 *Minn.* 529, 299 *N.W.* 14.

The Board also found that Farran was not engaged in his usual work at the time of the attack but because of an emergency was performing a task requiring greater exertion than his regular work. The Court below approved this finding, but refused to decide whether an injury of

this nature would be compensable in the absence of such a finding. In considering heart injuries, some authorities apparently indicate that the employee must be engaged in work which is of a different nature and which requires a materially greater amount of exertion than his usual work. *Adamchick v. Wyoming Valley Collieries Co.*, 332 *Pa.* 401, 3 *A.* 2d 377; *Crispin v. Leedom & Worrall Co.*, 341 *Pa.* 325, 19 *A.* 2d 400; *Rathmell v. Borough of Wesleyville*, 351 *Pa.* 14, 40 *A.* 2d 28. Other authorities maintain that unusual exertion is the sole test in heart cases and that it is immaterial whether the type of work being performed is usual or unusual. *Brown v. Minneapolis Board of Fire Underwriters, supra; Donlan's Case, supra; Lockwood v. Parker, supra; Fenton v. Thornley,* (Eng.) A.C. 443. It has been suggested that the apparent disagreement in the authorities is really concerned merely with the matter of determining whether there is "evidence sufficient in quantity and quality to support findings that the injury resulted from the performance of the work and was unforeseen and unexpected." *Buck v. Arndt,* 153 *Pa. Super.* 632, 34 *A.* 2d 823, 824.

Like the Court below, we consider it unnecessary to decide what the Delaware rule is with regard to this point. At the time of the injury, appellee was performing work which he had previously done but once or twice a year, the last prior occasion having been probably six months before. We are of the opinion that the evidence justified the Board's finding that it was an unusual task requiring unusual effort, as contrasted with his regular work. Farran is therefore entitled to compensation.

The word "accident" has been variously defined in workmen's compensation cases. The definition suggested by counsel for the appellant and accepted by the Court below is "an occurrence which proceeds from an unknown cause, or which is an unusual effect of a known cause, and

442

hence unexpected and unforeseen". Without expressing approval or disapproval of that definition, we content ourselves with saying that the facts of this case as determined by the Board satisfy the requirements of every definition we have seen.

The judgment of the Court below will be affirmed.