10 N.J. Super. 162 (1950)
76 A.2d 839
J. EARLE MILLS, PETITIONER-RESPONDENT,
v.
MONTE CHRISTI CORP., RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 30, 1950.
Decided November 20, 1950.
*163 Before Judges JACOBS, EASTWOOD and BIGELOW.
Mr. Andrew Lawrie argued the cause for the appellant.
Mr. Edmund J. Canzona argued the cause for the respondent (Messrs. Parsons, Labrecque, Canzona & Combs, attorneys).
*164 The opinion of the court was delivered by JACOBS, S.J.A.D.
This is an appeal from a judgment entered in the Union County Court sustaining an award for petitioner by the Division of Workmen's Compensation of the Department of Labor and Industry.
The petitioner J. Earle Mills was employed by the appellant company as plant superintendent. On December 5, 1946, while in the company's office, he was asked by a female employee to pick up a five-gallon bottle of water and place it in the drinking fountain. He testified that "I turned around and reached down and got the bottle of water, and as I grabbed ahold of the crate to lift it off the floor, a terrific pain hit me in the back." It appears from the evidence that he had then suffered a back injury, later diagnosed as a herniated disc, which resulted in extensive medical and surgical treatment and disability. Before the described incident the petitioner had always performed his customary work in normal fashion and, according to his testimony, never had any prior indication of back injury or treatment therefor.
There was medical testimony on petitioner's behalf that his physical action at the time of the incident of December 5th was causally related to his injury consisting of a herniated disc. On the other hand, there was testimony by Dr. Ehrlich and Dr. Ein on the appellant's behalf suggesting that there had been a progressive degenerative process culminating in the "final episode" but not causally related to the exertion or strain of December 5th. However, Dr. Ehrlich did indicate that it was uncommon to have a real herniation without preceding symptoms and effort and that any lifting or bending effort could bring it about. Similarly, Dr. Ein stated that "in a large percentage of the cases" effort produced the herniation and that in his experience "there has always been a history of trauma." Both of the lower tribunals found that the particular strain or exertion incident to the bending or lifting by the petitioner on December 5th brought on his back injury which was the result of an accident arising out of and in the *165 course of his employment within the contemplation of the Workmen's Compensation Act.
The concurring findings below were supported by adequate evidence and, in the light thereof, we have little difficulty in accepting the conclusion that the petitioner was entitled to an award under the Workmen's Compensation Act. He was properly engaged at his employer's place of business during his working hours in an activity which may be said to have been on his employer's behalf and the risk of injury was incidental to his employment. The specific incident of December 5th was an unlooked for mishap or untoward event which was not expected or designed and constitutes an accident within the liberal intendment of the act. Hall v. Doremus, 114 N.J.L. 47, 49 (Sup. Ct. 1934). The fact that the strain or exertion which brought on the herniation was not an unusual one or that the employee was predisposed thereto, is no ground for denial of an award. See Van Meter v. E.R. Morehouse, Inc., 13 N.J. Misc. 558, 559 (Sup. Ct. 1935); Bollinger v. Wagaraw Building Supply Co., 122 N.J.L. 512 (E. & A. 1939); Ciocca v. National Sugar Refining Co. of New Jersey, 124 N.J.L. 329 (E. & A. 1940); Cavanaugh v. Murphy Varnish Co., 130 N.J.L. 107 (Sup. Ct. 1943); affirmed, 131 N.J.L. 163 (E. & A. 1944). In the Van Meter case the former Supreme Court reversed a determination which had disallowed an award to a farm laborer who had a weakened condition and experienced a pain in his back, later described by medical testimony as a sprained back, while engaged in his assigned work of clearing a field by pulling out great weeds and bushes. And in Rosenberg v. Netherland Cab Co., 269 App. Div. 914, 57 N.Y.S.2d 551 (1945), leave to app. denied, 295 N.Y. 992, 65 N.E.2d 105 (1946), an award was sustained where a taxicab driver stooped down to read his meter and suffered a herniated disc. Cf. McSweeney's Case, 318 Mass. 620, 63 N.E.2d 353 (1945); Cutler-Hammer, Inc., v. Industrial Commission, 248 Wis. 229, 21 N.W.2d 256 (1946); Gavula v. Sims Co., 155 Pa. Super. 206, 38 A.2d 482 (1944).
*166 Notwithstanding the foregoing, the appellant urges that the current doctrine of our Supreme Court (Seiken v. Todd Dry Dock, Inc., 2 N.J. 469 (1949)), which requires proof of "unusual strain or exertion" in heart disease cases is applicable and precludes an award in the instant matter. This doctrine is apparently grounded upon the judicially declared presumption that death from heart disease is ordinarily the result of natural physiological causes rather than trauma or particular effort. Seiken v. Todd Dry Dock, Inc., supra, at p. 475. It has not escaped criticism (Heher, J., concurring in Temple v. Storch Trucking Co., 3 N.J. 42, 46 (1949)), and has not been extended to other injuries, such as that suffered by the petitioner, resulting from a strain or exertion incident to the employment. Indeed in Temple v. Storch Trucking Co., 2 N.J. Super. 146, 151 (App. Div. 1949), Judge Colie applied the unusual strain or exertion doctrine in a heart disease case but distinguished Ciocca v. National Sugar Refining Co. of New Jersey and Bollinger v. Wagaraw Building Supply Co., supra, on the sole ground that neither "was a case involving a heart condition." And in Kayser v. Erie County Highway Department, 276 App. Div. 789, 92 N.Y.S.2d 612 (1949), the court pointed out that "The `heart cases' where it is usually required to show some special effort as a precipitating cause of the attack, stand in a class by themselves, but they do so because their generalized nature makes it difficult factually to attribute the attack to the work."
We need not here determine whether the doctrine of the Seiken case is to be extended to situations involving other diseases which ordinarily are unrelated to trauma or particular effort. It is sufficient to note that, in the instant matter, the medical testimony disclosed that the herniation of a disc ordinarily results from trauma or particular effort. This, coupled with the evidence relating to the incident of December 5th, was sufficient to support the finding that the petitioner's physical action at that time brought on his back injury and present disability. It seems hardly the subject of dispute that an award would be proper if a common fracture, dislocation *167 or similar orthopedic injury had resulted; we fail to observe any significant basis for differentiating, for purposes of establishing compensability under the Workmen's Compensation Act, such injuries from that suffered by the petitioner. The suggested introduction of an artificial requirement that there be a showing in any of these instances of unusual or extraordinary strain or exertion finds no basis in the terms of the act and would appear to be contrary to its underlying beneficent purposes. Cf. Fenton v. J. Thorley & Co., Limited (1903) A.C. 443, 446, 452.
The judgment is affirmed.