OESTERLE, Respondent, v. COUCH, Appellant.*

*April 5—May 3, 1960.*

294

For the appellant there were briefs by *Aberg, Bell, Blake & Metzner* and *Milo G. Flaten,* all of Madison, and oral argument by *Carroll E. Metzner.*

For the respondent there was a brief by *Petersen, Sutherland, Axley & Brynelson,* and oral argument by *Eugene O. Gehl,* all of Madison.

BROWN, J.   It must be conceded that the Mason jar was defective at and immediately before the jar came to pieces in plaintiff's hand.  The question in issue is whether or not defendant knew or ought to have known that the jar was unsafe for the plaintiff to use.  There is no evidence that defendant had actual knowledge of any defect which made the jar unsafe.  Plaintiff's argument rests on the phenomenon that a rapid change in the temperature of a glass vessel may and frequently does cause it to crack, and that defendant caused such a change which produced a crack in this jar. There is no testimony to establish the time when the crack first occurred, other than at the moment when the jar broke

in plaintiff's hand, and no testimony of who it was who handled the jar or what was being done with it when any assumed prior crack came into existence.

The jury may use common knowledge of the scientific fact that changes in the temperature of a glass vessel will often cause cracking if the change is sufficiently great and sufficiently rapid. Defendant testified that it was her practice to pour off bacon grease from a griddle into this and other Mason jars. When the jar was filled defendant would throw away that jar and start over with a new one. Her custom was to let the griddle stand until it and the grease cooled before she put the grease in a jar, but at times when she needed the griddle at once she would pour the grease into the jar while the grease was still hot. This jar was half to three-fourths full at the time of the accident. Defendant was unable to say that she had ever put hot grease into this jar.

Granted that the jar was defective when it broke in plaintiff's hand, there is no evidence that there was ever a difference in the temperature between the jar and the grease put into it which *could* break the glass and, if so, that the grease *did* break it. At no time when defendant put grease at any temperature into the jar did she discover that the jar had been cracked or weakened. The finding by the jury that defendant *negligently* failed to furnish a Mason jar which was reasonably safe rests on a series of inferences, to wit, that defendant did pour hot grease into the jar, that such pouring could crack the glass and that it did so, that defendant knew or should have known of it and, nevertheless, she kept the unsafe jar in use. The evidence shows no more than the possibility that such inferences may be true, but those possibilities are not sufficient to remove the issue from the realms of speculation and conjecture. "It will not do to reach a conclusion in favor of the party on whom the burden of proof rests by merely theorizing and conjecturing."

*Creamery Package Mfg. Co. v. Industrial Comm.* (1933), 211 Wis. 326, 331, 248 N. W. 140. We conclude that the facts actually presented by the evidence and the inferences which the jury may reasonably draw from such facts are insufficient to meet the plaintiff's burden of proof that the defendant was in fact causally negligent.

*By the Court.*—Judgment reversed, with directions to dismiss the complaint.