MEADE, Respondent, vs. WISCONSIN MOTOR MANUFACTUR-
ING COMPANY and others, Appellants.

*November 8—December 3, 1918.*

*Workmen's compensation: Hernia: Proof required.*

1. In compensation cases it may be assumed, as matter of common
   knowledge, that inguinal hernia is rarely caused by accident,
   but is generally the result of inherited or acquired weakness.
2. A requirement by the industrial commission that where com-
   pensation is claimed in cases of hernia there must be definite
   proof that the hernia was produced by accident, and to that
   end that the claimant must prove that the accident was such as
   could produce hernia, that the hernia appeared immediately
   after the accident, and that it was followed by pain imme-
   diately disabling the claimant, is *held* not unreasonable; and
   a finding by the commission in this case that the claimant had
   failed to make such proof is *held* to have been warranted.

APPEAL from a judgment of the circuit court for Dane
county: E. RAY STEVENS, Circuit Judge. *Reversed.*

This action was brought by the plaintiff to set aside an
order of the *Industrial Commission of Wisconsin* dismissing
his application for compensation for injuries which he
claims to have received in the course of his employment by
the *Wisconsin Motor Manufacturing Company.*

While helping to operate an automatic screw machine in
the factory of the *Wisconsin Motor Manufacturing Com-
pany* the plaintiff claims that, on November 8, 1917, he
slipped and received an injury which resulted in hernia.

The *Industrial Commission* found that the evidence did
not justify a finding that the hernia was proximately caused
by the alleged accident and dismissed the application on the
following grounds:

"Inguinal hernias rarely result from accident. They come
from inherited or acquired weakness and develop gradually.
Because of this, it has been necessary for the *Commission* to
require definite proof that the hernia was produced by acci-
dent. The applicant must prove that the accident was such
as could produce a hernia; that the hernia appeared imme-
diately after the accident; that it was followed by pain im-
mediately disabling the applicant; and that the applicant

gave immediate notice of the injury to the respondent. We have carefully examined the evidence in this case, together with the written statement of admissions made by the applicant, and we are satisfied that he has failed in his proof. If the applicant had sustained a hernia on November 8th he would have suffered pain and would not have been able to continue with his work for two weeks."

The circuit court, on review of the award, held that the undisputed evidence shows that the alleged accident was the proximate cause of the hernia. Judgment was entered setting aside the order of the *Industrial Commission* and remanding the matter for further proceedings. This is an appeal from such judgment.

For the appellant *Industrial Commission* there was a brief by the *Attorney General* and *Winfield W. Gilman*, assistant attorney general, and oral argument by *Mr. Gilman*.

*Albert M. Kelly* of Milwaukee, for the respondent.

SIEBECKER, J. The trial court held that the facts presented a clear case of an industrial accident and entitled the plaintiff to compensation, upon the ground that the record disclosed no substantial, credible evidence to support the findings of the *Commission* to the effect that the plaintiff is not entitled to compensation. As shown in the foregoing statement, the *Commission* assumes from common knowledge that inguinal hernia is rarely caused by accident, but is generally the result of inherited or acquired weakness. These facts concerning the cause of hernia seem to be so generally known and undoubted that no proof of them is required. The proceedings in compensation cases sustain the conclusion that this assumption is correct. *Toney v. Williams*, 1 Cal. Ind. Acc. Comm. Dec. 348; *Seiffert v. Milwaukee*, 2 Wis. Workm. Comp. Rep. 66, 67; *Reseburg v. Hamilton M. Co.* 4 Wis. Workm. Comp. Rep. 14, 15; 1 Honnold, Workm. Comp. 294 *et seq.*; Id. 497 *et seq.*; Knocker, Accidents in their Medico-Legal Aspects, 704, 705.

In the light of this general knowledge and experience in dealing with hernia cases, the *Commission* has in practice

found it necessary, in order to deal justly between persons, to be guided by the following considerations:

" . . . To require definite proof that the hernia was produced by accident; . . . that the accident was such as could produce a hernia; that the hernia appeared immediately after the accident; that it was followed by pain immediately disabling the applicant."

We cannot say that these requirements are not reasonable and essential in determining whether or not hernia is due to accidental injury, nor that the *Commission* wrongfully applied these tests in determining whether or not plaintiff was injured in the course of his employment, as he claims. The *Commission* found that the evidence before them failed to establish that the accident was one that could produce hernia, that the hernia appeared immediately after the accident happened, and that plaintiff immediately suffered pain and consequent disability. An examination of the record has led us to the conclusion that the evidence adduced before the *Commission* presents a state of facts from which different minds might reasonably and fairly draw different conclusions. A consideration of the evidentiary facts in the light of their natural and proper relations consistent with common sense and experience shows that they permit of different inferences in arriving at the ultimate fact as to whether or not the alleged accident was the proximate cause of the hernia of which the plaintiff complains.

This state of the case makes the *Commission's* finding of fact on this issue conclusive under the powers conferred on it by sec. 2394—19, Stats. It is considered that the trial court erred in reversing the order denying plaintiff compensation.

*By the Court.*—The judgment appealed from is reversed, and the cause is remanded to the circuit court with direction to enter judgment affirming the order of the *Industrial Commission.* No costs to be taxed.

Eschweiler, J., dissents.