BELLE CITY MALLEABLE IRON COMPANY and another, Appellants, vs. INDUSTRIAL COMMISSION OF WISCONSIN and another, Respondents.

*March 10—April 3, 1923.*

*Workmen's compensation: Injury to employee: Hernia: Evidence: Sufficiency: Industrial commission: Power to prescribe medical treatment to be furnished by employer.*

1. Even if hernia may be an occupational disease, or an injury other than accidental growing out of and incidental to the employment, for which compensation may be awarded under ch. 457, Laws 1919, the mere fact that during the period covered by his employment the employee discovered a protrusion through the inguinal tract is not sufficient to show any relation between his employment and his condition; and there being no evidence of an injury, accidental or otherwise, a finding of the industrial commission that he had received an injury growing out of and incidental to his employment is not sustained.

2. Under sec. 2394—15, Stats. (giving the industrial commission jurisdiction to pass on the reasonableness of medical and hospital bills in case of dispute), and sec. 2394—17 (requiring the commission to state its determination as to the rights of the parties), the commission has no power to compel the employer to offer an injured employee medical treatment in the first instance or to prescribe its character and extent.

APPEAL from a judgment of the circuit court for Dane county: GEORGE THOMPSON, Judge. *Reversed.*

Workmen's compensation act. The defendant *Darquisto* filed an application for compensation for a hernia. It is conceded that both employer and employee were subject to the workmen's compensation act at the date of the alleged injury, October 25, 1921. *Darquisto* was at that time a man thirty-five years of age and had been a molder by trade for at least ten years and eight months. He went to work for the plaintiff *Iron Company* on September 5, 1921. On October 25, 1921, he felt a slight pain in the groin while shoveling sand. He made no report of this either to his

company or to any of his friends or relatives.  He continued his occupation as a molder, and about a week before the 14th day of December, 1921, in discussing the matter with his cousin John as to what it felt like to have a hernia, he made an examination of the right inguinal region and discovered that at that time there was a small swelling there.  It appears that his work required him to lift weights of thirty to thirty-five pounds and to manipulate a ladle, which when full weighs at the maximum sixty-five pounds.

In addition to the facts already stated, the *Commission* upon the hearing found that no notice had been given; that there was no intention to mislead the employer and the employer was not in fact misled; that the applicant had expended forty cents for a belt, for which sum he was entitled to be reimbursed; that his average annual earnings were $1,300; and "that as a result of the injury sustained the applicant has not suffered disability up to the time of hearing; that the applicant will require medical, surgical, and hospital treatment to cure and relieve him from the effects of his injury and will suffer disability entitling him to compensation, the extent of which disability is at this time not ascertainable."

The *Commission* also found that the applicant, "while in the employ of the respondent and performing services growing out of and incidental to his employment, sustained personal injury resulting in his disability."

Upon the facts found the following award was made:

"That within ten days from this date the respondent, *Belle City Malleable Iron Company,* and its insurer, *Employers Mutual Liability Insurance Company,* shall offer to the applicant, *Joe Darquisto,* medical, surgical, and hospital treatment necessary for the relief of his condition by reason of his injury and shall pay to him compensation weekly during the period of his disability made necessary by reason of his injury."

The plaintiffs began this action to review the award, and from the judgment of the circuit court affirming the award the plaintiffs appeal.

For the appellants there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Arthur B. Doe,* of counsel, all of Milwaukee, and oral argument by *Mr. Doe.*

For the respondent *Industrial Commission* there was a brief by the *Attorney General* and *Winfield W. Gilman,* assistant attorney general, and oral argument by *Mr. Gilman.*

ROSENBERRY, J.   It is the contention of plaintiffs that the conclusion of the *Commission* that the applicant has not suffered any disability is irreconcilable with the finding that he sustained an injury resulting in his disability, and that the finding is not supported by the evidence.

Prior to the adoption of ch. 457 of the Laws of 1919, in case compensation was claimed for hernia it could only be awarded where "there was definite proof that the hernia was produced by accident, that the accident was such as could produce a hernia, that the hernia appeared immediately after the accident, and that it was followed by pain immediately disabling the applicant." *Meade v. Wis. Motor Mfg. Co.* 168 Wis. 250, 169 N. W. 619.

By the enactment of said ch. 457, as amended by ch. 668, Laws 1919, the workmen's compensation act was extended so as to include, in addition to accidental injuries, "all other injuries, including occupational diseases, growing out of and incidental to the employment."

The *Industrial Commission* in this case does not find that this hernia was an occupational disease, but classes it as a "personal injury."   In its memorandum of decision the *Commission* says:

"From September 5th to December 14th he was constantly subjected to strain of a character which may well be contemplated to have played an important part in the production of his hernia.

Belle City M. I. Co. v. Industrial Comm. 180 Wis. 344.

"The applicant is a man thirty-five years of age. His hernia did not come from old age. It is an acquired hernia and must have come from his work. When the whole testimony is considered, we are satisfied that but for his period of service with the respondent (or service of an equally severe character) no necessity for operation and no potential disability would at this time exist."

We do not say that a state of facts may not exist which would show hernia to be, within the meaning of the statute, an occupational disease or an injury other than accidental, growing out of the applicant's employment. We do say that there is no evidence in this case to sustain such a finding. The mere fact that during the period covered by his employment the applicant discovered a protrusion through the inguinal tract is not sufficient to show any relation between his employment and his condition. It cannot be said that it must have come from his work. He may have slipped. He may have been engaged in work on his own account, or it may have come about in any of the numerous ways by which the manifestations of a congenital or acquired weakness are made manifest. There is no evidence of an injury, accidental or otherwise.

It is also contended that the *Industrial Commission* has no jurisdiction to enter an award requiring the company to offer to the applicant medical, surgical, and hospital treatment. By sec. 2394—15, Stats., the jurisdiction of the *Commission* is prescribed. Briefly stated, it is that any dispute or controversy arising under the compensation act shall be submitted to the *Industrial Commission*, which is also given jurisdiction to pass upon the reasonableness of medical and hospital bills in case of dispute; and by sec. 2394—17 it is provided that, after final hearing by the *Commission*, it shall make and file its award, which shall state its determination as to the rights of the parties. The award in this case is not a determination of rights but an attempt to prescribe a duty or obligation on the part of the

employer for which no provision is made by the compensation act. Within its field the *Commission* has very broad powers. While under the terms of the act the employee shall have the right, in the event of the failure of the employer to tender medical treatment, to procure the same and to be reimbursed therefor, this certainly does not confer upon the *Commission* the power to compel the employer to offer the treatment in the first instance or prescribe its character or extent.

*By the Court.*—Judgment appealed from is reversed, with directions to enter judgment setting aside the award of the *Commission,* with directions to dismiss the proceeding. No costs to be taxed in this court.