PRENTISS WABERS PRODUCTS COMPANY and another, Appellants, vs. INDUSTRIAL COMMISSION and another, Respondents.

*December 9, 1938—January 10, 1939.*

172

*Alfred E. La France* of Racine, for the appellants.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

WICKHEM, J. The question upon this appeal is whether the evidence sustains the findings of the Industrial Commission that defendant Sowaske sustained a personal injury in the nature of a right inguinal hernia as the result of an accident on June 17, 1935, while Sowaske was in the employ of the plaintiff Prentiss Wabers Products Company. Sowaske was a grinding-machine operator, and his time was divided between grinding-machine operations and removal of dies from the grinding machine. It was the practice to remove by hand all dies weighing from five to fifty pounds. Dies in excess of this weight were handled by use of a truck and portable hoist by which they were raised and there pushed on shelves by a fellow workman. On the day in question, about 9 o'clock in the morning, Sowaske had just unloaded a die weighing between two hundred and three hundred pounds

with the assistance of a coworker and by use of the portable hoist. In the course of this operation he slipped and fell to the floor from a step on the hoist, landing on his feet. He felt a sharp pain in the right groin immediately thereafter. He went to the lavatory and there noticed a protrusion on the right groin. He proceeded to the first-aid department and then to the office, which was about two hundred feet from the place where he worked. He was sent at once to a doctor and went there immediately. The doctor found a hernia. Sowaske worked the balance of the day, although he did not feel well and testified that he was sick to his stomach. He also had a continually increasing pain in the region of the hernia. He worked continually after the accident until he had an operation to reduce the condition in December, 1936. During all this time he experienced more or less discomfort and inconvenience from the hernia. The contention of plaintiffs that the evidence does not sustain the findings is based upon the claim that both the commission and this court have had certain rules for the proof of accidental hernia and that the proof does not satisfy the requirements of these rules.

The first case relied on is that of *Casper Cone Co. v. Industrial Comm*. 165 Wis. 255, 161 N. W. 784. This was the first decision in this court on the subject of accidental hernia. It is claimed that the case inferentially supports the rule that immediate disability of a serious nature following the accident must be found in order to sustain a finding of traumatic hernia. In the case of *Meade v. Wisconsin M. M. Co.* 168 Wis. 250, 169 N. W. 619, an order of the Industrial Commission dismissing an application for compensation for traumatic hernia was involved. There, the evidence was that the applicant, while operating a machine, slipped and received an injury resulting in a hernia. He claimed that the pain was so severe that he had to sit down for five minutes before continuing his work; that when he sat down he was very pale

and covered with cold sweat. He continued his work for two hours after the accident. In discussing the claim the commission stated that inguinal hernias rarely result from accident, and that in order to establish a case of accident the applicant must prove that the accident was sufficient to produce a hernia; that the hernia appeared immediately after the accident; that it was followed by pain immediately disabling the applicant; and that the applicant gave immediate notice of the injury to the respondent. The basis of the dismissal was that if the applicant had suffered a hernia as a result of slipping he would not have been able to continue his work for two weeks. This court quoted and approved of the basis upon which the Industrial Commission disposed of the matter.

In the case of *Belle City M. I. Co. v. Industrial Comm.* 180 Wis. 344, 192 N. W. 1010, the applicant while shoveling sand felt a pain in his groin. He continued to pursue his occupation. A couple of weeks later he made an examination and discovered a swelling indicating a hernia. The Industrial Commission awarded compensation, apparently upon the theory of an occupational hernia rather than an accidental hernia. The court reversed the commission, holding that the evidence was not sufficient on which to ground an award for occupational hernia. It was indicated that the evidence, by reason of the rules laid down by the commission in the *Meade Case,* would not support accidental hernia.

In *McCarthy v. Sawyer-Goodman Co.* 194 Wis. 198, 215 N. W. 824, an employee claimed that while scaling logs for his employer a heavy log struck the handle of the cant hook that he was using with such force that it knocked him to his hands and knees. He felt a stinging pain as soon as he stood. This was so severe that he was required to sit down for ten or fifteen minutes, after which he worked for the rest of the day although conscious of pain in his groin. He suffered pain that night, woke up two or three times as a result, and

the next morning discovered what he thought to be a rupture. He continued his work for about a month after the accident and did not notify his employer of the accident for two weeks. The Industrial Commission dismissed the claim. The circuit court reversed the award of the Industrial Commission, and this court reversed the judgment of the circuit court. The court said (p. 205):

"The conclusion of the Industrial Commission is supported at least by the following considerations: (1) Inguinal hernia is rarely of traumatic origin; (2) it is generally of traumatic culmination; (3) when of traumatic origin the pain is so severe as to disable the subject from work; (4) the applicant continued his work with but a few minutes respite, contrary to the general history of traumatic hernia; (5) he did not notify his employer for two weeks after the accident."

Plaintiffs claim that the commission in this case departed "from *the rules* theretofore established and approved by this court" for the reason that there was no pain "so severe as to disable the subject from work." Plaintiffs are in error when they assert that these former pronouncements of the commission as to what constitutes adequate proof of accidental hernia are fixed and unchanging rules of law. The concern of the commission was to make sure that awards in this class of cases would not be made upon conjecture, and the need for at least a tentative standard was occasioned by the rare and unusual character of traumatic hernia. It was stated in the *McCarthy Case, supra,* that (p. 201):

" 'The rules adhered to by the commission in judging the cause of hernial conditions are the same as those that are recognized in other compensation jurisdictions. They are not rules in the strict sense. They are a simple application of the requirement that a compensable condition must be established by evidence and not be predicated on purest conjecture. . . .' "

In the same case the court also said (p. 203):

"The frequency of these cases has enabled the members of the Industrial Commission to become thoroughly familiar

with the nature, development, and progress of the ailment, and they bring to the consideration of such cases a knowledge and experience which enables them to pass most discriminatingly upon the evidence produced. It is scarcely too much to say that they are experts upon the subject. At any rate, none can deny that they are far better qualified to draw proper inferences from the physical facts than those who do not possess the peculiar knowledge of the subject which they have acquired by reason of their experience and contact with hundreds of such cases."

It thus appears that this court has approved the announced standards out of deference to the expert character of members of the commission as finders of fact, and because the standards appeared not to be unreasonable. This does not create any fixed and unchangeable rule of law by which every finding of the commission in this field is to be tested. Upon appeal from an award of the commission the question to be determined by this court is whether there is any credible evidence to sustain the findings of the commission, not whether the findings conform to some standard of proof previously set up by the commission. The concern of this court is that awards shall not be founded upon conjecture or guess, and that is the sole test to be applied here. Had the commission in this case entertained doubt that there was a traumatic hernia, it may well be that this court would have had to sustain that finding, the burden of proof to convince the commission being upon the applicant. The commission being convinced, in spite of the fact that there was no immediate disability of a serious character, that there was a traumatic hernia, this finding must be sustained if there is any evidence to support it. We think that the evidence does support this finding, and that it requires very little deference to the expert character of the commission to come to this conclusion. There was immediate pain, the hernia was immediately discovered by the applicant, and there was an immediate examination by a

doctor, and a confirmation that a hernia was present. The fall from the hoist was well calculated to produce the condition, and the pain and discovery of the hernia followed this event immediately. There was evidence to the effect that the hernia did not exist before the events just recited. The findings of the commission are supported by the evidence, and the award must be sustained.

*By the Court.*—Judgment affirmed.