Martin, Appellant, vs. Weber and others, Respondents.

*October 16—November 18, 1947.*

For the appellant there was a brief by *Lehner & Lehner* of Princeton, and oral argument by *Philip Lehner, Sr.*

For the respondents there was a brief by *Bendinger, Hayes & Kluwin* of Milwaukee, and oral argument by *John A. Kluwin.*

ROSENBERRY, C. J. The effect of the order of the trial judge directing that judgment be entered for $4,000 was to reduce the amount of damages from the amount found by the jury to $4,000. So that the question on this appeal is, Would the evidence sustain a judgment for a sum in excess of $4,000? The trial court summarized the evidence in support of the verdict as follows:

The total medical expense, including those made in preparation for trial, amount to $168.50. The plaintiff claimed that he was so severely injured when the back of his car was struck

by the taxicab driven by the defendant, Weber, that he was knocked over onto the seat, and it immediately felt like a ball of fire. He consulted Dr. Meli, who attended him and who heard his continued complaints. There were at no time any bruises or abrasions, swelling or muscle spasms to account for the pain which the plaintiff complained of. Because his complaint of pain persisted Dr. Meli sent the plaintiff to Dr. Quade, a neurologist at Neenah, who examined him and reported his findings to Dr. Meli. This report Dr. Meli testified showed Quade's findings to be essentially negative.

The plaintiff testified that his pain persists and interferes with his ability to work. He was also examined by Dr. Clark of Oshkosh and Dr. Mueller of Princeton shortly before the trial. Dr. Meli was the only medical witness produced by the plaintiff. He testified·that he believed that the plaintiff was injured and that he believed that he still suffers pain. His opinion was based entirely upon subjective symptoms.

The testimony of the plaintiff was corroborated by his fellow workmen to the effect that he was a hard and speedy worker before the accident, and that after the accident he was unable to perform the heavy work as coremaker at the foundry and was given lighter work by the management and then had to have assistance from his associates to complete that.

Plaintiff testified that at one time he attempted to spade his garden. The pain was so severe that he fell down and had to lie on the ground. His landlady corroborated this statement.

The accident occurred on December 26, 1945. The trial took place the last of April, 1947.

Manifestly, the plaintiff suffered substantial temporary disability as the trial court held. That conclusion is well supported.

There remains the question, Did the plaintiff sustain any permanent injuries? In his instructions to the jury on the question of damages, the trial court said:

"You will fix the amount at such sum as in your sound judgment will reasonably and fairly compensate the plaintiff for the damages naturally and proximately caused to him by his injuries. In fixing this amount you should take into consideration any loss of earnings if you are satisfied that he sus-

tained loss of earnings by reason of the injuries and all physical pain and suffering endured by him up to the present time. And if you find it to be a reasonable certainty that he will suffer pain and disability in the future as a natural and probable result thereof you will take that into consideration and consider it as an element of damages."

We have carefully examined the evidence and it does not appear that the medical witness, Dr. Meli, was asked whether the condition complained of by plaintiff was permanent. He testified:

There were no marks of injury on his body, no cuts, no bruises; he was not black and blue in any way. I then ordered X-ray pictures to be taken under my direction. These pictures were negative for any trauma to the bony structure of the spine. No objective symptoms were noticed as far as bones were concerned.

From my physical examination, from using my sight and hands and using the X ray, I couldn't find any evidence of injury.

The plaintiff termed it a kink in his back, and I found that condition. It is still with him. I had occasion to examine him this morning and he still complains. That is a subjective complaint. I can't find any rhyme or reason for it. But such pain would result from just such an injury that he had from the accident. It could result from any kind of injury.

It is apparent, (1) that upon the record there is no evidence of permanent injuries; (2) that under the instructions of the court the jury were erroneously permitted to make an award for permanent injuries; and (3) that presumably the jury in awarding $6,000 did include in this award both temporary and permanent disability. No complaint is made by defendants of these instructions and no error is predicated upon the situation just above outlined. A judgment for $4,000 is certainly ample to cover temporary disability, and defendants make no complaint that it is excessive in this respect. Under these circumstances it appears to us that plaintiff is in no posi-

tion to complain about the situation at all, and since defendants make no complaint there is no prejudicial error which this court is in a position to consider.

The award of $4,000 being ample to cover temporary disability and such damages and expenses as the plaintiff had including the loss of his automobile, the judgment appealed from must be affirmed.

*By the Court.*—Judgment affirmed.