PRESSED STEEL TANK COMPANY and another, Respondents, vs. INDUSTRIAL COMMISSION and another, Appellants.

*June 10—July 12, 1949.*

For the appellant Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

*W. O. Sonnemann* of Milwaukee, for the appellant Louis Nikolich.

For the respondents there was a brief by *Stroud, Stebbins, Wingert & Young* of Madison, and oral argument by *Byron H. Stebbins.*

FAIRCHILD, J.   Nikolich had been employed by the Pressed Steel Tank Company for about sixteen years handling and helping in the lifting of tanks weighing between four hundred seventy and four hundred seventy-five pounds.   On March 11, 1944, while so employed with a tank, Nikolich experienced a severe pain in the lower part of his back   He was disabled for three weeks and thereafter returned to work but was never free from symptoms.   Nikolich had sustained a somewhat similar back injury in 1938.   At that time, he had been laid up a month but returned to lighter work for a short time.   He then resumed his regular job.   Medical evidence in the record is that a five per cent permanent partial disability resulted. However, a question is presented as to whether this was the result of the 1944 injury or the 1938 one.

The commission found that Nikolich had sustained the back injury on March 11, 1944, and that, in addition to temporary total disability, he sustained the permanent partial disability of five per cent.

The trial court found that the evidence sustained the finding of the commission that Nikolich had sustained an injury on March 11, 1944, but held that there was no credible evidence to support a finding that he had sustained a five per cent permanent disability which resulted from that injury.

The difficulty in this case turns upon the fact that in 1938 applicant had a back injury similar to the one which the commission found had resulted in five per cent permanent partial disability.

An orthopedic surgeon, who had examined Nikolich, submitted a medical report to the effect that the applicant had suffered a five per cent permanent disability of the back in March of 1944. However, it appears clearly from the evidence that, prior to this report, the doctor had not had disclosed to him the fact of the 1938 injury, and the doctor testified that, if the applicant had had a back injury ten years before from which he had not fully recovered, he would revise the opinion expressed in the report.

It is considered that the question in this case is whether or not there had been any complete recovery from the 1938 injury. The evidence is that there had not been such a recovery. The opinion of the medical expert as to the partial permanent disability was based on the assurance that Nikolich had never had any trouble with his back before March, 1944. This witness testified: "He could have got a permanent disability ten years ago just as like as not. The matter is what the facts are. If he had continued to have trouble from the injury ten years ago and never fully recovered from that, then I certainly feel that that must be given its full value. The patient denied having had previous back trouble. I have only his history to go by." When it appears that the assumed facts do not exist or are not proven, the opinion based thereon must be disregarded. *People v. Foley,* 64 Mich. 148, 31 N. W. 94; *Turnbull v. Richardson,* 69 Mich. 400, 37 N. W. 499; *F. A. McDonald*

*Co. v. Industrial Comm.* 250 Wis. 134, 26 N. W. (2d) 165; *Martin v. Weber,* 251 Wis. 466, 29 N. W. (2d) 508.

There is the contention that the evidence showed a complete recovery from the injury in 1938. An examination of the record brings to our attention the fact that Nikolich six years before 1944 suffered a back injury. There is evidence of his complaining in October, 1942, two years before the second injury, of suffering in his arms and a stiff back. There is also the testimony of the medical expert of the following tenor :

"I think there is another factor which may contribute to the prolongation of his back trouble. He shows poor body mechanics, and that type of individual is vulnerable to back injury with more or less slight strain placed on the back; and once back trouble develops in these people, they are likely to persist, and the reason for that is the faulty body mechanics works to keep the symptoms going."

As the burden of showing facts essential to compensation by substantial evidence is on the claimant, we hold, as did the learned trial judge, that the claimant did not bring forth evidence to support a finding that partial permanent disability was related to or growing out of the 1944 injury. The claimant did not disclose to the medical examiner the true history of the difficulty with his back.

*By the Court.*—Judgment affirmed.