THEISEN, Respondent, v. INDUSTRIAL COMMISSION and others, Appellants.

*September 11—October 6, 1959.*

146

148

151

For the appellant Industrial Commission the cause was argued by *Mortimer Levitan,* assistant attorney general, with whom on the brief was *John W. Reynolds,* attorney general.

For the respondent there was a brief by *Ament & Russell* of Merrill, attorneys, and *William L. McCusker* of Madison of counsel, and oral argument by *Mr. Jacob J. Ament* and *Mr. McCusker*.

FAIRCHILD, J. The attorney general relies on the well-established rule that the commission is the sole judge of the credibility of witnesses. *Molinaro v. Industrial Comm.* (1956), 273 Wis. 129, 134, 76 N. W. (2d) 547. There is no dispute about this principle. In addition to Peter Theisen's great interest in the outcome, his credibility was impeached by evidence tending to show that he attempted corruptly to influence another witness. 58 Am. Jur., Witnesses, p. 390, sec. 723. Under the circumstances, the circuit court correctly sought to determine whether, erasing all Peter Theisen's uncorroborated testimony, the evidence would compel findings supporting an award. The circuit court excluded from consideration Peter's testimony to the effect that he slipped and fell while lifting a butter carton. Peter's testimony that he immediately complained of injury to his fellow employees was in conflict with their testimony, and the commission could properly believe them rather than him in any event. The opinions of the doctors to the extent that they were based on Peter's statement to them that he slipped and fell were to be disregarded if the commission believed that he did not slip or fall. *Pressed Steel Tank Co. v. Industrial Comm.* (1949), 255 Wis. 333, 335, 38 N. W. (2d) 354.

Nevertheless, the circuit court concluded that the evidence compelled a finding that an accident causing injury arose out of the employment. As stated in its written decision:

"It is undisputed that applicant had performed his work including the loading of 60-pound butter tubs without incident for two to three hours before the alleged injury. There is no dispute as to the conditions present when he was found

except whether the racks on which the tubs stood were wet, damp, or dry. . . . There is not a scintilla of evidence which permits of a reasonable doubt or a reasonable inference but that the applicant was able to work up to the time in question, that something happened in that cooler; that that something caused pain which disabled him from continuing his work; and that that something was diagnosed in a matter of two or three hours later and verified by the subsequent operation as a so-called slipped disc. There is no inconsistency in any of these facts."

Later on, the court stated:

"There was testimony which the commission had the right to find credible notwithstanding denial by the applicant that he attempted to bribe another employee to testify that he had stated at the time that he was injured. This is shocking and repulsive, if true. However, the court and the commission were confronted with the question as to whether, assuming the attempt was made, in view of the facts established by proof other than that of the applicant, it was sufficient to create a legitimate doubt either as to burden of proof or credibility as to the facts essential to compensation. This question, it seems to the court, upon the record must be answered in the negative. This conclusion does not operate as approval or condonement of such an attempt. The law prescribes the penalty but denial of compensation, otherwise proper, is not the penalty prescribed."

The attorney general points out that Peter Theisen had previously complained about his work and suggests that even though he did not complain specifically about his back, his complaints justified the inference that "he had difficulty with his back, but that it had not progressed to the point of painfulness evidenced by complaints;" that Peter complained of not feeling good when he came to work that morning; that when the pain became disabling he did not relate it to any alleged injury; and that in various conversations thereafter he did not so relate it. The examiner and commission found that on August 17th "the applicant began having serious trouble with his low back."

Let us assume that the evidence permitted the commission to entertain a legitimate doubt that Peter's generalized complaints about his work may have reflected the gradual and progressive pain which Dr. Braun associated with gradual progressive degeneration of the area where the disc was found on surgery to have protruded. Let us agree with the attorney general that the applicant, who had the burden of proof, did not sufficiently disprove the existence of some degeneration prior to the morning of August 17th. Nevertheless, as the circuit court pointed out, no disabling pain had manifested itself during two hours of substantial physical exertion and then, "something happened in that cooler; that that something caused pain which disabled him from continuing his work." It may be conceivable under the medical testimony that Theisen bent over for some purpose totally unrelated to his duties, or in some manner that involved no exertion such as occurred in *Buettner v. Industrial Comm.* (1953), 264 Wis. 516, 520, 59 N. W. (2d) 442, and that such bending triggered the acute herniation. Such a coincidence, though possible, was highly unlikely. Not only was there testimony from members of Peter's family and his fellow employees, negativing previous complaints of back trouble, but, if it existed, it had escaped the attention of the doctors whom he had consulted about other matters. We deem the improbability of the supposed coincidence so great that upon this record, the commission was not entitled to assume that that was the explanation.

In *Wisconsin Appleton Co. v. Industrial Comm.* (1955), 269 Wis. 312, 322, 69 N. W. (2d) 433, this court sustained an award of compensation where an employee developed an acute disc syndrome while doing his usual heavy physical work. It is true that in that case, there was testimony that the degenerating disc lesion had been developing over a period of time and that the nature of the work done for the same employer was responsible for the degenerating condition. It was said, however: "It is not essential that the exer-

tion producing the disability be out of line with the ordinary duties of the job in order that the disability be compensable." The decision of this court in *Wisconsin Power & Light Co. v. Industrial Comm.* (1955), 268 Wis. 513, 68 N. W. (2d) 44, was quoted with approval. In that opinion, which concerned the death of an employee from a ruptured aneurysm, it was stated that the physical strain which produces an injurious physical result constitutes an accident in the sense that that term is used in the act. The court quoted from 1 Larson, Law of Workmen's Compensation (1952), p. 519, sec. 38.20, to the effect that a majority of jurisdictions now hold that when usual exertions lead to something actually breaking, herniating, or letting go, with an obvious sudden mechanical or structural change in the body, the injury is accidental. Among other conditions mentioned in this connection as compensable are herniated intervertebral discs "even when the exertion or conditions producing the change were not out of line with the ordinary duties of the job."

In *M. & M. Realty Co. v. Industrial Comm.* (1954), 267 Wis. 52, 63, 64 N. W. (2d) 413, herniation of a disc occurred when an employee bent from his waist to pick up two 2 x 4s, 16 feet long. An award of compensation was upheld, notwithstanding the fact that the structures which previously had held the disc in place between the vertebrae of his back had been weakened by a prior injury.

We conclude that the evidence before the examiner and commission compelled them to find that the acute herniation, whether preceded by some degree of degeneration or not, was caused by the bending and lifting procedure which Theisen was performing in his work, whether accompanied by an unusual slipping or twisting or not, and that further proceedings should be had to determine the other matters material to the proper award of compensation.

*By the Court.*—Judgment affirmed.

HALLOWS, J., dissents.