FRANCKOWIAK, Appellant, v. INDUSTRIAL COMMISSION and others, Respondents.

*November 4—November 29, 1960.*

For the appellant there was a brief and oral argument by *Stephen J. Hajduch* of Milwaukee.

For the respondent Industrial Commission the cause was argued by *Mortimer Levitan,* assistant attorney general, with whom on the brief was *John W. Reynolds,* attorney general.

For the respondents Ladish Company and Liberty Mutual Insurance Company there was a brief by *Wickham, Borgelt, Skogstad & Powell,* attorneys, and *Clayton R. Hahn* of counsel, all of Milwaukee, and oral argument by *Mr. Hahn.*

CURRIE, J. On this appeal counsel for the employee centers his attack upon the following finding of fact of the examiner, which finding was affirmed on review by the commission:

". . . that his [the employee's] present complaints and alleged disability are due to causes wholly unrelated to his accident of April 15, 1957, or his employment with the respondent [employer] ;"

It is asserted that either such finding is without support in the evidence, or at best is based upon mere speculation.

However, even if this be true, this does not mean that the order of the commission must be set aside. This is because such attacked finding is surplusage unnecessary to sustain the order. The essential finding upon which the order rests is "that the applicant sustained no permanent disability as a result of his injury." The burden of proof is upon the employee to establish that he did sustain permanent partial disability as a result of his injury, and not upon the employer to prove that the employee's present alleged disability is due to causes unrelated to the accident. *Unruh v. Industrial Comm.* (1959), 8 Wis. (2d) 394, 399, 99 N. W. (2d) 182.

Whether the employee sustained permanent partial disability due to the accident which occurred on April 15, 1957, as a result of his lifting of the heavy metal flange, is dependent upon the medical testimony.

Immediately after the accident the employee was treated by Dr. Levine who is in the employ of the employer. X rays were taken which were negative with respect to showing any injury. Dr. Levine's diagnosis was lumbosacral back strain. The employee was hospitalized and traction was there applied. Physiotherapy treatments were also given and a lumbosacral corset was prescribed and worn by the employee. Discharge from the hospital occurred May 5, 1957. Thereafter, on May 7, 1957, Dr. Levine gave the employee tablets containing aspirin, phenacetin, and caffeine. These were to relieve pain. The doctor also recommended that the employee continue to wear the corset, which he did. On May 20, 1957, the employee returned to work. Dr. Levine advised him to take heat treatments if his back bothered him, and the doctor assumed that the employee did have such heat treatments after May 20, 1957. Dr. Levine's last examination of the employee was made on May 31, 1957. At the hearing Dr. Levine testified that his opinion to a reasonable medical probability was that the employee sustained no permanent disability as a result of the accident of April 15, 1957.

The employee continued to have some back pain after resuming work but about three months after such return to work this pain ceased. A period of approximately seven months then elapsed during which he was free from pain. Then, according to the employee, in April, 1958, the pain returned and has continued. The employee testified that such pain is not constant, but occurs after a day's work, and also toward morning after sleeping in bed. He also testified he has pain most of the time.

In addition to Dr. Levine, Dr. Sadoff and Dr. Ansfield testified at the hearing, the former as a witness for the employee and the latter as witnesses for the employer and insurance carrier. Dr. Sadoff examined the employee on July 22, 1958, and took X rays which showed essentially negative findings. It was Dr. Sadoff's expressed opinion that the employee was suffering from an impending disc lesion due to the accident of April 15, 1957, resulting in a ten per cent permanent partial disability. Dr. Ansfield made his examination of the employee on October 10, 1958, and X rays were taken. It was this physician's opinion that there was a possibility but not a probability of a disc involvement such as testified to by Dr. Sadoff. Dr. Ansfield further testified that one would have to speculate if the recurrence of symptoms, after the lapse of the seven-month, pain-free period, is to be attributed to the accident of April 15, 1957. However, Dr. Ansfield stated that he did believe the employee's statements to the effect that he did sustain pain after the lapse of such seven-month period.

While Dr. Ansfield did not express a medical opinion as to whether or not the employee did sustain a permanent partial disability as a result of the accident, he made it very clear by his testimony that an opinion that the accident had produced permanent partial disability would be based on speculation and not probabilities. If the examiner believed this testimony of Dr. Ansfield, he had the right to reject

Dr. Sadoff's testimony irrespective of the testimony of Dr. Levine. It is very evident from the examiner's findings of fact that he did believe and accept such testimony by Dr. Ansfield. This is because the examiner's findings conclude with the statement, "that any finding to the contrary would be speculative and conjectural." This court has many times held that findings of fact in workmen's compensation cases are not to be based upon mere possibilities, or upon speculation or conjecture. *Johnston v. Industrial Comm.* (1958), 3 Wis. (2d) 173, 179, 87 N. W. (2d) 822; *Molinaro v. Industrial Comm.* (1956), 273 Wis. 129, 133, 76 N. W. (2d) 547; and *Creamery Package Mfg. Co. v. Industrial Comm.* (1933), 211 Wis. 326, 330, 331, 248 N. W. 140.

However, we cannot agree with the contention advanced by counsel for the employee that Dr. Levine's testimony, wherein he expressed the medical opinion that the employee sustained no permanent disability as a result of the accident, must be rejected. The reason advanced to support such contention is that such opinion was based upon assumed facts that did not exist. While this court has held in *Pressed Steel Tank Co. v. Industrial Comm.* (1949), 255 Wis. 333, 335, 38 N. W. (2d) 354, that a medical opinion so based must be disregarded, facts of the instant appeal do not fall within such rule. Although Dr. Levine did not see the employee after May 31, 1957, the record is entirely silent as to whether or not he was acquainted with the employee's subsequent medical history. Dr. Levine was not questioned as to this. There is nothing in the record as to what assumption, if any, Dr. Levine made with respect to that which occurred after May 31, 1957, when he expressed his medical opinion at the hearing to the effect that no permanent disability resulted from the accident. It might well be argued that his opinion was not entitled to much weight in the absence of a showing that he was acquainted with the em-

ployee's subsequent medical history and took the same into account when he formulated his opinion. However, it is not the function of a reviewing court to weigh the evidence in workmen's compensation cases. That lies exclusively within the province of the commission.

After carefully reviewing the evidence, it is our conclusion that there was credible medical testimony to support the finding that the employee did not sustain any permanent disability as a result of the accident of April 15, 1957.

*By the Court.*—Judgment affirmed.