Davis, Respondent, v. Industrial Commission and others, Appellants.

*February 5—March 3, 1964.*

675

For the appellant Industrial Commission the cause was argued by *Beatrice Lampert,* assistant attorney general, with whom on the briefs was *George Thompson,* attorney general.

For the appellants Decar Plastic Corporation and Zurich Insurance Company there was a brief by *Schlotthauer, Jenswold, Reed & Studt* and *Robert R. Studt,* all of Madison, and oral argument by *John F. Jenswold.*

For the respondent there was a brief by *Lawton & Cates* and *John C. Carlson,* all of Madison, and oral argument by *Mr. Carlson.*

BEILFUSS, J. The trial court's memorandum opinion states in part as follows:

"Plaintiff reasons that *under the 'current' compensation law* he is entitled to recovery. His contention is that *Meade vs. Wisconsin Motor Mfg. Co.* (1918 168 Wis 250, 251; and *McCarthy vs. Sawyer-Goodman Co.* (1927) 194 Wis. 198, 203, are no longer the law in Wisconsin, specifically because pre-existing weakness or disposition to injury is no 'bar' to recovery and because traumatic 'culmination' as distinguished from traumatic 'origin' is sufficient to establish industrial injury.

"1 *Larson, Workmen's Compensation*, sec. 12.20, p. 170. We believe this contention to have support in recent decisions of our Court, as *Brown vs. Industrial Comm.* (1960 9 Wis 2d 555 and *Theisen vs. Industrial Comm* (1959) 8 Wis 2d 144.

"Aside from the formal rules promulgated in our Administrative Code, which includes Industrial Commission rules with respect to determining loss of hearing, et cetera, we know of nothing short of the constitution and the general law that need control the Industrial Commission in the application of the Workmen's Compensation Law, except it be the Workmen's Compensation Law itself as enacted by the legislature and as interpreted by the Supreme Court. It follows, in view of the advances made by our Supreme Court, that the Commission is no longer governed by the 'specific standards' of *Meade* and *McCarthy* but must determine inguinal hernia cases, as other cases, under the applicable general principles of the doctrine that pre-existing disease or infirmity does not foreclose recovery where it can be shown that the employment 'aggravated, accelerated or combined with' such disease or infirmity to cause 'the disability for which compensation is sought'.

"In our judgment this means that the Commission order *and the findings as well* must be set aside and the record remanded so that the Commission can address itself anew to the evidence received under the principles of law we have here interpreted to be the 'law of the case'. Upon receiving the record under such principles of law it will then devolve upon the Commission to make such findings of fact and conclusions of law as it determines should be made. We cannot go so far as to say that the credible evidence before the Commission in this case will admit of but one reasonable finding of ultimate fact as to whether the plaintiff did or did not suffer an industrial hernia."

It does not necessarily follow, however, that the examiner applied the *Meade* and *McCarthy* test in making his findings of fact, nor that the commission did so in affirming.

"We are required to assume, unless there is affirmative proof to the contrary, that the commission acted regularly as

to all matters and pursuant to the rules of law and proper procedures in its determination." *Brouwer Realty Co. v. Industrial Comm.* (1954), 266 Wis. 73, 80, 62 N. W. (2d) 577.

The plaintiff contends that the doctor's report submitted by plaintiff under sec. 102.17 (1) (as), Stats., establishes the fact that plaintiff suffered an "industrial" hernia.

The statute provides that such a report, when offered by a claimant, "shall constitute prima facie evidence as to the matter contained therein," subject to rules promulgated by the commission. The commission has determined that the only grounds for excluding these reports are incompetency or immateriality, in which case proper objection must be made. 3 Wis. Adm. Code, sec. Ind 80.22.

The opinions and conclusions of medical witnesses based upon statements of the claimant were to be disregarded if the commission (here the examiner) did not believe such statements were true.[1]

In this instance the only medical evidence is the form report of the doctor. Plaintiff stated to the doctor that he "was lifting a load of plastic weighing approximately 500 pounds." It is undisputed that the lifting was done by depressing a handle on a hydraulic lift. How much force was necessary to lift 500 pounds in this manner does not appear in the evidence. The commission could conclude that there was a material variance between his testimony and the statement given the doctor, and that the medical opinion based upon claimant's statement should be disregarded.

The examiner and the commission could fairly conclude that the plaintiff did not meet his burden of proof to establish an accidental hernia.

---

[1] *Pressed Steel Tank Co. v. Industrial Comm.* (1949), 255 Wis. 333, 38 N. W. (2d) 354; *Theisen v. Industrial Comm.* (1959), 8 Wis. (2d) 144, 153, 98 N. W. (2d) 446; *Franckowiak v. Industrial Comm.* (1960), 12 Wis. (2d) 85, 106 N. W. (2d) 51.

The plaintiff's claim as filed and the doctor's report deal only with the question of accidental hernia alleged to have been sustained by the event of October 20, 1959. All the questions of the medical form dealing with occupational hernia are unanswered. Again the examiner and the commission could justifiably conclude that plaintiff had failed to meet his burden of proof to establish occupational hernia.

The record does not reveal whether the commission applied the tests of the *Meade* and *McCarthy Cases* or the broader rule of the *Theisen* and *Brown Cases,* nor was it necessary to do so. The commission could determine that plaintiff has not proved his claim under either test.

The *Theisen* and *Brown Cases* deal with herniated discs in back injuries; the *Meade* and *McCarthy Cases* deal with abdominal hernias. We do not imply under the facts herein that the *Meade* and *McCarthy Cases* should be overruled.

*By the Court.*—Judgment reversed; cause remanded with directions to affirm the order of the Industrial Commission.

WILKIE, J., took no part.