ANHEUSER BUSCH, INC., and another, Plaintiffs and Respondents, v. INDUSTRIAL COMMISSION, Defendant and Appellant: LYNCH, Defendant.

*January 10—February 1, 1966.*

686

For the appellant Industrial Commission the cause was argued by *James P. Altman,* assistant attorney general, with whom on the brief were *Bronson C. La Follette,* attorney general, and *Gordon Samuelsen,* assistant attorney general.

For the respondents there was a brief by *Charles W. Sturm* and *Stephen R. Miller,* both of Milwaukee, and oral argument by *Mr. Miller.*

HALLOWS, J. The trial court decided the case should be remanded to the commission because its finding was inherently ambiguous in that it did not state the hernia was either occupational or traumatic and if traumatic the Industrial Commission had not abided by its standards for determining the sufficiency of the proof for that type of hernia. We agree the finding is not a model one and cannot be justified on the ground the commission

need only make findings of ultimate facts. Designating the hernia either occupational or traumatic is not evidentiary and making the specific finding is the duty of the commission. If we considered this finding inherently ambiguous, insufficient or defective, we would agree with the trial court and send the case back for reconsideration. *Mrs. Drenk's Foods v. Industrial Comm.* (1959), 8 Wis. (2d) 192, 99 N. W. (2d) 172; *Johnson v. Industrial Comm.* (1958), 5 Wis. (2d) 584, 93 N. W. (2d) 439. We recommend to the commission it make more adequate findings, especially where it reverses the trial examiner.

However, we can and do construe the finding in the light of the facts to be a finding of traumatic hernia and thus binding as such upon the parties and the commission. The alleged hernia was not claimed or considered by Lynch to be occupational. It was not so considered by the trial examiner. There is no medical testimony that it was occupational and the respondent employer does not claim it was an occupational hernia. The failure of the commission to expressly negate a hernia of occupational origin does not on the facts imply the possibility of such hernia.

This brings us to the question of whether the evidence sustains the finding of a traumatic hernia. It is claimed the evidence is not sufficient because it does not meet previous standards set forth in the cases of *Meade v. Wisconsin Motor Mfg. Co.* (1918), 168 Wis. 250, 169 N. W. 619, and *McCarthy v. Sawyer-Goodman Co.* (1927), 194 Wis. 198, 215 N. W. 824. In *Meade* we justified standards promulgated as reasonable and approved their use as guidelines by the commission to determine the sufficiency of the proof. The standards included an accident capable of producing a hernia and the appearance of the hernia and disabling pain immediately after the accident. In *McCarthy,* in affirming an order of the Industrial Commission denying recovery for an alleged traumatic hernia, we stated the order was supported by

various considerations including: (1) Inguinal hernia is rarely of traumatic origin; (2) it is generally of traumatic culmination; (3) when of traumatic origin, the pain is so severe as to disable the subject from work; (4) the applicant continued his work with but a few minutes respite, contrary to the general history of traumatic hernia; and (5) he did not notify his employer for two weeks after the accident.

In the present case the hernia did not result in pain so severe as to disable Lynch from work and in fact he continued to work the day of the accident and for some six months until the hernia was corrected by surgery. However, supporting the finding of the commission is the nature of the work, *i.e.*, the actual lifting of a heavy garbage can which could cause a hernia and the A-16-b report of Dr. Davis who considered the hernia was probably caused by such lifting. Such opinion is sufficient under the rule of *Unruh v. Industrial Comm.* (1959), 8 Wis. (2d) 394, 99 N. W. (2d) 182. In addition, the doctor explained in his letter that during the surgery his exploration disclosed a direct hernia through a rent in the fascia or supporting fibrous tissue of the abdominal wall but no indirect hernia or sac as would be found in the more usual congenitally weak inguinal canal. In his opinion his findings were typical of a traumatic hernia. The sense of pain for fifteen or twenty minutes although not disabling, the noticing of a lump within two days, the diagnosis of a rupture within four days of the accident and the fact that within sixty days prior to the accident and before starting to work Lynch had a physical examination which disclosed no hernia also help to support the finding.

If the guidelines are to be rigidly followed, the Industrial Commission would have to reject the testimony of the doctor as being incredible. This the Industrial Commission could do because the testimony conflicted with its expertise as expressed in the standards. However,

the Industrial Commission chose to believe the testimony of Dr. Davis. The question is, must the commission follow its standards and guidelines?

This precise question was presented in *Prentiss Wabers Products Co. v. Industrial Comm.* (1939), 230 Wis. 171, 283 N. W. 357, where it was similarly contended the commission in finding a traumatic hernia had departed from the rules set forth in the *Meade* and *McCarthy Cases*. In *Prentiss*, like in the instant case, there was no immediate disability of a serious character and this court stated the standards did not constitute any fixed and unchangeable rule of law by which every finding of the commission in this field had to be tested. And, the question on appeal was not whether the findings conformed to some standards of proof previously set but whether there was credible evidence to sustain the finding. Since the commission found a traumatic hernia although there was no immediate disabling pain, we must sustain the finding as involving one of those rare inguinal hernias of traumatic origin.

In *Davis v. Industrial Comm.* (1964), 22 Wis. (2d) 674, 126 N. W. (2d) 611, involving a herniated disc of the type of injury presented in *Brown v. Industrial Comm.* (1960), 9 Wis. (2d) 555, 101 N. W. (2d) 788, and in *Theisen v. Industrial Comm.* (1959), 8 Wis. (2d) 144, 98 N. W. (2d) 446, we stated the *Meade* and *McCarthy Cases* were not necessarily overruled by those decisions. We do not consider such cases overruled by this decision. We see no conflict between *Meade* and *McCarthy* on the one hand and *Theisen* and *Brown* on the other. The "as is doctrine" of an employee's condition and the nonnecessity of proving unusual stresses or strain in herniated-disc cases do not necessarily make an occupational injury a traumatic one or a nonindustrial injury an industrial one. The concept of occupational disease or injury for which several employers may be liable is not repugnant to the "as is doctrine" involving traumatic injury.

The respondent Anheuser Busch in its petition for review argues that all the evidence supports the trial examiner's finding the hernia was neither occupational nor traumatic in origin and therefore the application should be dismissed on its merits. The findings this court reviews on appeal are those of the Industrial Commission, not those of the trial examiner and we cannot ignore and jump over the findings of the Industrial Commission to reach those of the examiner which were set aside. Since we believe the commission could make the findings it made, the judgment of the circuit court should be reversed with directions to affirm the order of the Industrial Commission.

*By the Court.*—Judgment is reversed with directions to affirm the order of the Industrial Commission.